IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 16, 2003

## NELSON KEITH FOSTER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sullivan County**
**No. C46,859     R. Jerry Beck, Judge**

_____

**No. E2003-01411-CCA-R3-PC**
**March 3, 2004**
_____

Petitioner, Nelson Keith Foster, appeals from the trial court's dismissal of his petition for post-conviction relief, without affording Petitioner an evidentiary hearing.  In his petition, Petitioner asserted that he was entitled to relief from his three convictions for violation of the Habitual Motor Vehicle Offender Act (HMVO) due to ineffective assistance of counsel.  The trial court dismissed the petition because Petitioner had argued in his direct appeal from the convictions that he was entitled to relief because he had received ineffective assistance of counsel.  We affirm the judgment of the post-conviction trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Raymond C. Conkin, Jr., Kingsport, Tennessee, for the appellant, Nelson Keith Foster.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 14, 1998, Petitioner pled guilty to three charges of violation of the HMVO Act.  He was sentenced on October 15, 1998, to serve three consecutive three-year sentences for each conviction, for an effective sentence of nine years.  On October 26, 1998, Petitioner filed a motion to withdraw his guilty pleas.  The motion was denied by the trial court.  Petitioner appealed, arguing that the trial court erred by denying his motion to withdraw the guilty pleas, and erred by denying alternative sentencing and by ordering consecutive sentencing. This Court ultimately affirmed the judgments of the trial court. *State v. Nelson Keith Foster*, No. E2001-02976-CCA-RM-CD, 2002 WL 181359 (Tenn. Crim. App. at Knoxville, Feb. 1, 2002), *perm. to app. denied* (Tenn. 2002).

In support of his claim that he should have been allowed to withdraw his guilty pleas, Petitioner asserted in the direct appeal that he had received ineffective assistance of counsel that resulted in his guilty pleas not being voluntarily and knowingly made. He further asserted that the ineffective assistance of counsel prevented him from knowing that he could have attempted to have the original habitual offender order set aside. Petitioner argued that if he had known this, he would not have pled guilty to the three charges.

In summary, in a hearing before the trial court, and again on appeal, Petitioner asserted in the appeal from his convictions that he received ineffective assistance of counsel which directly resulted in his guilty pleas not being voluntarily, understandingly, or knowingly entered; therefore, Petitioner argued, "manifest injustice" existed which required allowing him to withdraw his guilty pleas. *See* Tenn. R. Crim. P. 32(f).

In the case *sub judice*, Petitioner filed a *pro se* petition for post-conviction relief, and an amended petition was filed after counsel was appointed. Those pleadings alleged that Petitioner was entitled to relief because his trial counsel provided ineffective assistance for the following reasons: (1) counsel failed to properly investigate and develop a defense to the criminal charges, (2) counsel failed to collaterally attack the original order declaring Petitioner an habitual motor vehicle offender, (3) trial counsel coerced Petitioner into pleading guilty by advising him that no defense could successfully be presented, and (4) trial counsel failed to discover the extent of Petitioner's driving record, which would have shown that the HMVO order was void. Petitioner also alleged that his guilty pleas were not voluntarily, understandingly, and knowingly made, and that his guilty pleas are void because he did not have the requisite convictions required to be declared an habitual motor vehicle offender.

The State filed an answer and requested that the petition be dismissed because the claims had been previously determined. The trial court dismissed the petition for post-conviction relief for this reason.

In his brief on appeal, Petitioner acknowledges that this Court addressed, in the direct appeal from the convictions, the issue of ineffective assistance of trial counsel based upon trial counsel's failure to collaterally attack the original order declaring Petitioner to be an Habitual Motor Vehicle Offender. Nevertheless, Petitioner argues that allegations of ineffective assistance of counsel based upon different factual reasons are not barred in this proceeding. We respectfully disagree.

In the case of *Bobby Allen Joyner v. State*, No. 03C01-9807-CR-00260, 1999 WL 318832, 1999 Tenn. Crim. App. LEXIS 498 (Tenn. Crim. App. at Knoxville, May 19, 1999), *perm. to app. denied* (Tenn. 1999), in a similar fact situation, this Court held,

> Petitioner makes numerous claims in this issue that his trial counsel was ineffective. Although Petitioner did not raise some of the specific facts now raised, he did make the general claim of ineffective assistance of counsel on direct appeal and this Court determined it to be without merit. We note that while

-2-

ineffective assistance of counsel claims may be raised on direct appeal merely on the record, such a practice is "fraught with peril." *See, e.g., Thompson v. State*, 958 S.W.2d 156, 161 (Tenn. Crim. App.), *perm. to appeal denied* (Tenn. 1997). Generally, the practice is disfavored because steps are not taken to prepare an adequate record on the issue in the trial court. Raising the issue on direct appeal is a risk assumed by Petitioner and his counsel, but it does not make this Court's action any less of a ruling on the merits after a review of the record before it. Petitioner was allowed the opportunity to present the issue of ineffective assistance of counsel on direct appeal, and therefore, this claim has been previously determined and is not cognizable in this petition. *See* Tenn. Code Ann. § 40-30-206(h).

*Id.*, 1999 WL 318832, at *2.

To the extent that issues raised in this appeal do not allege ineffective assistance of counsel, they too have been previously determined, or waived. Tenn. Code Ann. § 40-30-106(g).

We reiterate what has been previously noted. Raising an ineffective assistance of counsel claim in the direct appeal from a conviction is "fraught with peril," *Thompson v. State*, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997), even if some evidence is presented at a hearing on the motion for new trial, and the issue is not merely raised on the trial record. Petitioner argues that the issue of whether his trial counsel coerced him to plead guilty has not been litigated, and therefore the post-conviction court should have heard evidence on this issue. "Coercion" by trial counsel to cause an involuntary and unknowing guilty plea to be entered is a claim of ineffective assistance of counsel. The issue of ineffective assistance of counsel has been resolved previously against Petitioner, both under the theories espoused in earlier proceedings, and in effect, under all other theories. Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-3-